IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DMITRY PRONIN | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv104 |
| S. PENRY, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Dmitry Pronin, a prisoner confined at the Maryland Correctional Institution located in Jesup, Maryland, proceeding *pro se*, brings this lawsuit against officials at the Federal Correctional Complex in Beaumont, Texas.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Discussion

Plaintiff complains that prison officials did not evacuate inmates confined at the United States Penitentiary in Beaumont, Texas either before or after Hurricane Harvey made landfall on August 26, 2017. Plaintiff complains of the conditions at the prison to which he claims he was subjected for a period of three weeks following the hurricane including no running water, no flushing toilets, no showers, and no air conditioning.

## Analysis

Parties instituting any civil action, suit or proceeding are required to pay a filing fee of $402.00. The Prison Litigation Reform Act of 1996 (PLRA) requires prisoners seeking to bring civil actions to pay the full filing fee. When insufficient funds exist to pay the full fee at the time of filing, a prisoner request to proceed *in forma pauperis* and is required to pay an initial partial filing fee of twenty percent of the greater of the average monthly balance or deposits into the prisoner's account. After payment of the initial partial filing fee, twenty percent of each preceding month's income will be deducted from plaintiff's inmate account monthly until the full filing fee is paid.

Plaintiff failed to pay the $402.00 filing fee along with his complaint. Therefore, the court assumes plaintiff is attempting to proceed on an *in forma pauperis* basis.

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints. Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has an extensive history of litigation while in prison. Section 1915(g) applies to this action because at least three of plaintiff's prior suits or appeals have been dismissed as frivolous or for failure to state a claim.[1]

The allegations set forth in plaintiff's complaint concern an incident which occurred more than four years earlier and do not demonstrate that he was in imminent danger of serious physical injury at the time he filed his complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Section 1915(g) therefore bars plaintiff from proceeding further with this lawsuit on an *in forma pauperis* basis.

Additionally, plaintiff's complaint is barred by the applicable two-year statute of limitations. "A *Bivens* action is controlled by the applicable state statute of limitations." *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999). The Fifth Circuit Court of Appeals, applying Texas law, held that the statute of limitations period on a *Bivens* claim is two years. *Id.; Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998). Since plaintiff complains of an incident which occurred more than four years before he filed his complaint, plaintiff's lawsuit is barred by limitations.

---

[1] *See Pronin v. United States*, Civil Action No. 4:21cv611 (W.D. Mo. Aug. 24, 2021) (applying 1915(g) to bar plaintiff from proceeding *in forma pauperis* and citing prior dismissals); *Pronin v. United States*, No. 18-1164 (10th Cir. 2018) (applying 1915(g) to bar plaintiff from proceeding *in forma pauperis* on appeal); *Pronin v. United States*, Civil Action No. 1:17cv2500 (D. Colo. Apr. 4, 2018) (applying 1915(g) to bar plaintiff from proceeding *in forma pauperis* and citing prior dismissals); *Pronin v. Tussy*, Civil Action No. 2:15cv61 (S.D. Ind. May 4, 2015) (dismissed for failure to state a claim); *Pronin v. Richardson*, 1:15cv163 (D. Md. Feb. 9, 2015) (dismissed for failure to state a claim); *Pronin v. Richardson*, 8:14cv1325 (D. Md. Oct. 31, 2014) (dismissing for failure to state a claim).

A complaint that is clearly barred by the applicable statute of limitations is frivolous. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). Since this complaint is clearly barred by limitations, the action should be dismissed as frivolous.

## Recommendation

The above-styled civil action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) and as frivolous.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

SIGNED this 17th day of March, 2022.

_____
Zack Hawthorn
United States Magistrate Judge